CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
Rku
JAN 27 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BOBBY BETHEA,<br>Plaintiff, | )<br>) Civil Action No. 7:05cv00787<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| TRACY S. RAY,<br>Defendants. | )<br>) By: Jackson L. Kiser<br>) Senior U.S. District Judge |

Plaintiff Bobby Bethea, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at the Red Onion State Prison he has been housed in a segregation unit and has been at times denied outdoor recreation opportunities and meals. Bethea seeks monetary damages and a transfer to another facility. After reviewing his complaint, I find that Bethea has failed to raise any claim of constitutional magnitude and, therefore, dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Bethea alleges that since March of 1999, he has been housed in a segregation unit, has been denied opportunities to participate in outdoor recreation, and has been denied some meals. However, Bethea has failed to make any specific allegation as to the dates he was deprived opportunities for recreation and/or meals and any injury he suffered as a result of these alleged deprivations. Furthermore, Bethea has failed to make any specific allegation against either of the named defendants.

By order entered December 29, 2005, plaintiff was advised that the his allegations failed to state a claim of constitutional magnitude, and thus such a suit would ordinarily be dismissed.

Plaintiff was directed to amend his complaint to name individual defendants, alleging facts concerning conduct undertaken by each defendant, personally, in violation of plaintiff's rights and to particularize the facts of his claim to provide specific details about the events upon which his claims were based including the dates of the alleged violations, who caused the violations, and any injury he suffered as a result of the alleged violations, within twenty days of the date of entry of that order or risk dismissal. More than twenty days have elapsed, yet Plaintiff has failed to make any attempt to further amend or particularize the facts of his complaint.[1]

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Inasmuch as Bethea's claims that he is being housed in a segregation unit, is not receiving adequate opportunities to exercise, and has been denied some meals can be construed as a living conditions claim, it must fail. While the Eighth Amendment does protect prisoners from cruel and

---

[1] Although Bethea has failed to make any effort to amend or particularize the facts of his complaint, since the entry of the conditional filing order he has made two separate submissions to the court. However, those submissions consisted solely of information relevant to his motion to proceed in forma pauperis.

2

unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

While being housed in a segregation unit and being denied a meal may be inconvenient and unfortunate, Bethea has not demonstrated that, because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(finding that allegations of insufficient food alone and no suggestion of deleterious effects, failed to state a claim under the Eighth Amendment).

Generally denial of out-of-cell opportunities for recreation for an extended period of time violates the Eighth Amendment; however, there are exceptions to this rule. Mitchell v. Rice, 954 F.2d 187, 190 (4th Cir. 1992); Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 865-66 (4th Cir. 1975)(finding that weekly restrictions on exercise opportunities constitutes cruel and unusual punishment if its is harmful to an inmate's health). However, the length of time an inmate is deprived of exercise is an essential component to this claim. Mitchell, 954 F.2d at 190. Here, even

3

after being specifically directed to provide further information regarding his claims of denial of exercise opportunities, when he was denied such opportunities, and the lengths of such deprivations, Bethea he has failed to do so. Bethea has failed to make any claim against either of the named defendants regarding the denial of exercise opportunities nor has he named any other defendants who denied him such opportunities. Finally, Bethea has not alleged that the decreased opportunities for out-of-cell exercise caused <u>any</u> effect on either his physical or mental well being. Accordingly, I find that Bethea's general allegation that he has been denied exercise opportunities over a period of nearly seven years, is insufficient to allow this claim to go forward.[2] As such, I find that Bethea has failed to raise any claim of constitutional magnitude under the Eighth Amendment.

## III.

Based on the foregoing, I find that Bethea has not presented any claims on which relief can be granted. Therefore, I will dismiss the complaint without prejudice pursuant to 28 U.S.C.

---

[2] The court notes that no federal statute of limitations applies in §1983 actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985). Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. <u>Owens v. Okure</u>, 488 U.S. 235, 239-40 (1989). As Virginia has a two-year statute of limitations for general, personal injury claims, a plaintiff bringing a civil rights action under §1983 in Virginia must do so within two years from the time when his action accrues. Va. Code Ann. §8.01-243(a).

However, the time of accrual of a cause of action under §1983 is a federal question. <u>Nasim v. Warden, Md. House of Correction</u>, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). In <u>Nasim</u>, the United States Court of Appeals for the Fourth Circuit held that a cause of action under §1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." <u>Id.</u> An inmate's §1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. <u>Lewis v. Richmond City Police Depot</u>, 947 F.2d 733 (4th Cir. 1991). In Virginia §1983 cases, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

As Bethea alleges that he has been denied exercise opportunities off and on for nearly seven years, the court finds that all claims regarding this or any other alleged constitutional violations occurring before November 27, 2003, the date on which he filed the instant action, are time barred. Further, as Bethea has failed to specify as to when the alleged deprivations occurred, other than in the year 1999, the court finds these allegations cannot serve as a basis for allowing this claim to go forward.

4

§1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 27th day of January, 2006.

_____
Senior United States District Judge